IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL COSTELLO,
          Plaintiff,

v.                                        Civil Case No. 3:25cv254

WASTE MANAGEMENT, INC.,
          Defendant.

## OPINION

Daniel Costello, the *pro se* plaintiff in this case, sued Waste Management, Inc. ("WMI"), for damages he incurred after visiting a Waste Management landfill in Jetersville, Virginia. Unfortunately, Costello sued the incorrect defendant. According to WMI's Notice filed on August 4, 2025, the proper name of the entity that owns and operates the landfill in Jetersville, Virginia is **Waste Management of Virginia, Inc.** Because the Court lacks personal jurisdiction over WMI as a parent company of its subsidiary's landfill, it will grant the motion to dismiss for lack of personal jurisdiction and dismiss without prejudice WMI from the case. But the Court will grant Costello leave to amend his complaint to add the proper defendant, Waste Management of Virginia, Inc.

## I. BACKGROUND

On March 16, 2023, Costello visited a Waste Management landfill in Jetersville, Virginia, to dispose of his household trash. While there, Costello suffered bodily injury due to the instructions of an employee, shattering his femur in five places, shattering his knee, and breaking his shoulder. The incident left Costello with a shortened leg, confined to a wheelchair for the rest of his life, home bound, and unable to work. Costello seeks to recover $4,114,000 in damages

from WMI for medical bills, medical equipment necessary to make his home accessible, home care, lost wages, the cost of a new wheelchair accessible car, and additional pain and suffering.

Costello initially filed suit in Amelia County Circuit Court. WMI, a citizen of Delaware and Texas, subsequently removed this action to this federal Court based on diversity jurisdiction and now moves to dismiss for lack of personal jurisdiction. (ECF Nos. 1, 3.)

## II. STANDARD OF REVIEW

WMI moves to dismiss Costello's claims under Rule 12(b)(2). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). The Court may decide a Rule 12(b)(2) motion on "the basis of motion papers, supporting legal memoranda, and the allegations in the complaint." *Id.* In considering the Rule 12(b)(2) motion "at such a preliminary stage," the Court gives the plaintiff's allegations "a favorable presumption, taking the allegations in the light most favorable to the plaintiff." *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 196 (4th Cir. 2018). The plaintiff merely needs to make "a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." *Combs*, 886 F.2d at 676. Additionally, the Court is authorized to rule on a motion and dismiss a suit on the uncontroverted bases asserted therein so long as the parties had an opportunity to respond. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

## III. DISCUSSION

WMI contends that the Court does not have personal jurisdiction over it because WMI is not a Virginia corporation, does not own or operate the landfill described in the Complaint or any

2

other landfills in Virginia, does not own any property in Virginia, and acts merely as a holding company with no employees in Virginia. (*See* ECF No. 4.) WMI "conducts substantially all operations through its subsidiaries," and its only assets are "the stock of its subsidiaries." *Id.* Costello has not responded to WMI's motion to dismiss and, thus, has not contested WMI's argument that this Court lacks personal jurisdiction over WMI. Given Costello's *pro se* status, the Court will consider whether it has personal jurisdiction over WMI rather than dismissing the suit outright. *See Pueschel*, 369 F.3d at 354. For the reasons below, the Court will grant the motion to dismiss.

### A. Legal Standard

For a district court to assert personal jurisdiction over a nonresident defendant, the plaintiff must prove that (1) Virginia's long-arm statute authorizes the exercise of jurisdiction and (2) the exercise of jurisdiction would satisfy constitutional due process requirements. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003); *see Combs*, 886 F.2d at 676. "Because Virginia's long-arm statute is intended to extend personal jurisdiction to the extent permissible under the due process clause, that statutory inquiry merges with" the due process inquiry. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009).

"A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" *Carefirst of Md., Inc.*, 334 F.3d at 397 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether a defendant has certain minimum contacts with a forum state, courts must "consider (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff['s] claims arise out of

3

those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Id.* (quoting *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002)). An out-of-state corporation purposefully avails itself when it "reaches into" the forum state to conduct business, by, for example, deliberately transacting business in the state, maintaining an office, employing individuals in the state, owning property in the state, or soliciting sales in that state. *See Consulting Eng'rs Corp.*, 561 F.3d at 278.

Generally, the contacts that a corporation's subsidiary has with a forum state does not, on its own, establish personal jurisdiction over an out-of-state parent company, even if that subsidiary uses the parent company's logo and tradename. *See Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005); *Roberson v. Waste Mgmt., Inc.*, No. 1:15-CV-00107-GNS, 2016 WL 270458, at *3 (W.D. Ky. 2016) (holding that use of the Waste Management trade name alone is insufficient to find that WMI purposefully availed itself to the forum state's law). A narrow exception can arise, however, when the subsidiary acts merely as an "agent" of the parent company, such that the parent company exerts considerable control over the activities of the subsidiary. *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993). To determine whether an agency relationship exists, the court considers several factors such as whether the subsidiary must seek approval from the parent company regarding significant decisions, whether the parent and the subsidiary maintain separate books, whether the subsidiary employs separate accounting procedures, or whether the subsidiary holds separate directors' meetings. *Id.*

### B. *WMI's Motion to Dismiss*

Costello has not alleged facts sufficient to show that WMI has purposefully availed itself of the privilege of conducting business activities in Virginia. Although Costello's Complaint states that his injury occurred at a WMI trash facility in Virginia, he does not dispute WMI's claims that

WMI, a parent company, does not own property in Virginia, manage trash facilities in Virginia, employ personnel in Virginia, or otherwise conduct consumer business in Virginia. Additionally, although not clear from the Complaint, to the extent that Costello alleges that a WMI subsidiary owns the landfill or that the landfill uses the WMI logo and tradename, these facts still do not demonstrate that the subsidiary acts as an agent of WMI sufficient to establish personal jurisdiction over WMI. *See Mylan Lab'ys, Inc.*, 2 F.3d at 61. Merely using a parent company's logo and trade name does not constitute an overt controlling act by WMI indicating an agency relationship between WMI and a potential subsidiary operating the landfill. *See id.* On the contrary, WMI has alleged that it has no control over the operations of any of its subsidiaries. Because WMI, as an out-of-state parent company, does not have minimum contacts with Virginia, the Court cannot exercise personal jurisdiction over WMI. The Court will, therefore, grant the motion to dismiss for lack of personal jurisdiction.

### III. CONCLUSION

For the foregoing reasons, the Court will grant the motion to dismiss for lack of personal jurisdiction and dismiss without prejudice WMI from this case. But the Court will grant Costello leave to amend his complaint to add the proper defendant, Waste Management of Virginia, Inc.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Costello.

Date: 22 August 2025
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

5