IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIEL COSTELLO,
             Plaintiff,

v.                                        Civil Action No. 3:25cv254

WASTE MANAGEMENT OF VIRGINIA, INC.,
             Defendant.

## OPINION

The *pro se* plaintiff, Daniel Costello, stumbled over a parking curb and tripped on twigs at a landfill owned by the defendant, Waste Management of Virginia, Inc. ("Waste Management"). For this slip-and-fall, Costello brought a claim under the American with Disabilities Act ("ADA") and a claim for negligence. Waste Management now moves for summary judgment on both claims.

Because the Court earlier dismissed Costello's ADA claim, it will deny as moot the motion as it relates to that claim. The Court, however, will grant Waste Management's motion for judgment on the negligence claim. Costello tripped over open and obvious materials. The Court, therefore, must find him contributorily negligent and unable to recover any damages.

## I. BACKGROUND

### A. Factual Background

Over sixteen years, Costello made nearly 450 visits to the Amelia County landfill owned and operated by Waste Management. (Costello Dep. 12:3–6 (ECF No. 40-1, at 3).) During that time, a yellow curb measuring seven inches high and eighty feet long ran through the landfill's parking lot. (*Id.* at 65:11–12, 102:3–4 (ECF No. 40-1, at 33, 49).) Costello also frequently saw foliage and twigs covering that lot. (*Id.* at 19:04–20:10 (ECF No. 40-1, at 8–9).) Because Costello

suffered a stroke in 2019 which limited his left leg's movement, he usually traveled to the landfill with a friend to help navigate the parking lot and unload trash. (*Id.* at 20:11–23:12 (ECF No. 40-1, at 9–10).)

But in the sunny midmorning of May 16, 2023, Costello drove to the landfill alone. (*Id.* at 11:13–18, 29:25–30:5 (ECF No. 40-1, at 2, 13–14).) He backed his truck up to the yellow curb and got out of the cab. (*Id.* at 60:6–10, 67:9–17 (ECF No. 40-1, at 29, 35).) Costello saw twigs and other debris littering the ground. (*Id.* at 58:21–25 (ECF No. 40-1, at 27).) He asked two nearby men for assistance with unloading his trash and approached the curb. (*Id.* at 69:1–22 (ECF No. 40-1, at 37).) Costello attempted to lift his injured left leg without looking over the curb, but he stubbed his foot on the curb and lost balance. (*Id.* at 59:3–8, 63:14–17 (ECF No. 40-1, at 28, 37).) To steady himself, he dropped his left foot to the twig-covered ground. (*Id.* at 59:3–8 (ECF No. 40-1, at 28).) The twigs then slid out from under him, and Costello fell. (*Id.*)

When asked whether the twigs or the curb caused his fall, Costello said both did. (*Id.* at 59:12–14 (ECF No. 40-1, at 28).)

### B. Procedural Background

Costello initially filed suit against Waste Management's parent company, Waste Management, Inc. ("WMI"), in state court. (*See* ECF No. 1, at 1.) On April 2, 2025, WMI removed the case to this Court and filed a motion to dismiss for lack of personal jurisdiction. (*Id.*; ECF No. 3.) Because WMI did not own or operate the landfill, the Court directed WMI to name the subsidiary that did own and operate the landfill. (ECF No. 7.) After WMI disclosed that Waste Management was the proper defendant, the Court dismissed WMI from this action and gave Costello leave to amend and name the proper defendant. (ECF Nos. 10–11.)

2

On September 29, 2025, Costello filed an amended complaint against the landfill's owner and operator, Waste Management. (ECF No. 13.) Waste Management then moved to dismiss both his ADA and negligence claims. (ECF No. 14.) While the Court considered this motion, Waste Management also filed a motion for summary judgment on April 9, 2026. (ECF No. 39.) A *Roseboro* notice issued on the same day informing Costello that he had twenty-one days to respond. (ECF No. 42.) On April 20, 2026, the Court dismissed Costello's ADA claim but retained jurisdiction over his state law negligence claim. (ECF No. 45.)

Costello did not respond to Waste Management's motion for summary judgment by his deadline of May 1, 2026.[1]

## II. **LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'A fact is material if it might affect the outcome of the suit under the governing law.' A dispute is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'"[2]

When deciding a summary judgment motion, the Court draws all reasonable inferences in the nonmoving party's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and views the facts "in the light most favorable to the nonmoving party," *Somers v. Devine*, 132 F.4th 689, 695 (4th Cir. 2025) (citations omitted). When the movant provides adequate evidence supporting

---

[1] When a party fails to timely respond to a summary judgment motion, courts may rely solely on the movant's submissions. *See* Fed. R. Civ. P. 56(c)(3); *Marquis v. Davis*, 1:21cv1427, 2022 WL 18026337, at *1 n.2 (E.D. Va. Nov. 7, 2022). This rule does not waver even for *pro se* litigants, especially when the Court sends notice. *See Marquis*, 2022 WL 18026337, at *1 n.2.

[2] *Knibbs v. Momphard*, 30 F.4th 200, 213 (4th Cir. 2022) (citation omitted) (first quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013); and then quoting *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018)).

the motion, the nonmovant cannot rely on the pleadings to create factual issues. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, the nonmovant must use "affidavits," "depositions, answers to interrogatories, [or] admissions on file" to show "a genuine [factual] issue for trial." *Id.* (alterations added) (quoting former Fed. R. Civ. P. 56(c), (e) (1986)).

## III. DISCUSSION

Only Costello's negligence claim against Waste Management remains. In Virginia, "[t]he elements of an action in negligence are a legal duty on the part of the defendant, breach of that duty, and a showing that such a breach was the proximate cause of injury, resulting in damage to the plaintiff." *Blue Ridge Serv. Corp. of Va. v. Saxon Shoes, Inc.*, 271 Va. 206, 218, 624 S.E.2d 55, 62 (2006) (citing *Trimyer v. Norfolk Tallow Co.*, 192 Va. 776, 780, 66 S.E.2d 441, 443 (1951)). Generally, private landowners have no legal "duty to warn its invitee of an unsafe condition which is open and obvious to a reasonable person exercising ordinary care for his own safety." *AlBritton v. Commonwealth*, 299 Va. 392, 405, 853 S.E.2d 512, 520 (2021) (quoting *Fobbs v. Webb Bldg. Ltd. P'ship*, 232 Va. 227, 229, 349 S.E.2d 355, 357 (1986)). Indeed, "it is the *invitee's* 'duty to observe the defect'" that is open and obvious. *Foglia v. Clapper*, 885 F. Supp. 2d 821, 828 (E.D. Va. 2012) (emphasis added) (quoting *Town of Va. Beach v. Starr*, 194 Va. 34, 36, 72 S.E.2d 239, 240 (1952)). And if the invitee "trips and falls over an open and obvious condition or defect," he or she "is guilty of contributory negligence as a matter of law." *Scott v. City of Lynchburg*, 241 Va. 64, 66, 399 S.E.2d 809, 810 (1991).

A plaintiff's contributory negligence "bars recovery." *Deitz v. Daleville Town Ctr. Bus. Ass'n*, 7:25cv738, 2026 WL 1134636, at *3 (W.D. Va. Apr. 27, 2026) (quoting *Fein v. Wade*, 191 Va. 203, 209, 61 S.E.2d 29, 32 (1950)). In short, Costello cannot recover if Waste Management shows that he tripped over something that "was open and obvious to a person exercising reasonable

4

care for his own safety." *Tazewell Supply Co. v. Turner*, 213 Va. 93, 96, 189 S.E.2d 347, 350 (1972).

Here, Waste Management has offered evidence showing that Costello tripped over open and obvious conditions. Two features allegedly caused his accident—a parking lot curb and twigs. (Costello Dep. 59:12–14 (ECF No. 40-1, at 28).) The curb measures eighty feet in length and seven inches in height and, as Costello testified in his deposition, was painted yellow on the day of the accident. (Costello Dep. 89:10–14 (ECF No. 40-1, at 46).) Given the curb's bright color and substantial size, a reasonable person would have noticed it. *Cf. Rocky Mt. Shopping Ctr. Assocs. v. Steagall*, 235 Va. 636, 637, 369 S.E.2d 193, 194 (1988) (describing an open and obvious hole "eight to twelve inches across and two to three inches deep" in the ground). Further, even the most casual observer would have seen the volume of twigs that Costello allegedly tripped over. Costello provided Waste Management photographs showing the accident scene with a similar number of twigs on the ground as he tripped over. ((ECF No. 40-8 (photographs); Costello Dep. 124:4–6 (ECF No. 40-1, at 60) (describing the amount of debris as "just about the same").) The naked eye can clearly discern visible and noticeable debris on the pavement.[3] Accordingly, a person exercising reasonable care would have noticed the objects over which Costello tripped.

---

[3] Courts frequently and properly rely on photographs to determine whether an alleged defect was open and notorious. *See, e.g., Beach v. Costco Wholesale Corp.*, No. 5:18cv92, 2020 WL 1879016, at *3 (W.D. Va. Apr. 15, 2020); *Rocky Mt.*, 235 Va. at 638, 369 S.E.2d at 195; *West v. City of Portsmouth*, 217 Va. 734, 735, 232 S.E. 763, 764 (1977).

The Court also notes that Costello provided Waste Management with photographs of the accident itself. (*See* ECF No. 40-3, at 4–5.) Notably, these photographs show the curb and Costello, but they do not feature any twigs. Still, the Court will view the facts "in the light most favorable to the nonmovant" and assumes that the photographs inadvertently missed the offending debris. *Somers*, 132 F.4th at 695.

Now, a plaintiff injured by an open and obvious defect may still recover if he can "show conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it." *S. Floors and Acoustics, Inc. v. Max-Yeboah*, 267 Va. 682, 685, 594 S.E.2d 908, 910 (2004) (citation omitted). But Costello has pointed to no evidence—aside from the pleadings—showing an external condition which might excuse his failure to observe the curb and twigs. Accordingly, he cannot show that there is a genuine factual issue for trial. *See Celotex*, 477 U.S. at 324 (citation omitted).

For these reasons, Costello was contributorily negligent. Accordingly, the Court will grant summary judgment in favor of Waste Management.

## IV. CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part the summary judgment motion. Due to Costello's contributory negligence, Waste Management prevails on the negligence claim. The Court, however, will deny as moot the summary judgment motion as to the dismissed ADA claim. Because this case involves no other claims, the Court will deny as moot all pending pretrial motions in this matter.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and to Costello.

Date: 13 May 2026
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

6